UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
PAUL CORTINA,

                         Plaintiff,                     **REPORT AND RECOMMENDATION**

      -against-

                                                        10 Civ. 5237 (PAC) (GAY)

UNITED STATES and JOHN DOE(S),

                         Defendants.
--------------------------------------------------------X

TO THE HONORABLE PAUL A. CROTTY, United States District Judge:

      Plaintiff Paul Cortina commenced this *pro se* action seeking one billion dollars in damages stemming from the Government's alleged violations of his state and constitutional rights, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680 ("FTCA") and 42 U.S.C. §§ 1983 and 1985.  Specifically, plaintiff alleges that he is the victim of a vast conspiracy between the FBI and "vigilante groups" engineered to violate plaintiff's civil rights and harass him via "gang stalking" and prank telephone calls.  According to plaintiff, these "vigilante groups" have infiltrated the federal government, posing as census takers, and interfere with the delivery of certified mail.  Plaintiff further alleges that the FBI turns a blind eye toward the "vigilante groups" and, even worse, perpetuates and ensures their misconduct by silencing whistleblowers like plaintiff.  Presently before this Court is defendant's motion to dismiss the Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ('FRCP") for lack of subject matter jurisdiction and failure to state a claim.  For the reasons that follow, I respectfully recommend that defendant's motion should be granted.

I. **RULE 12(b)(1) STANDARD OF REVIEW**

In deciding a 12(b)(1) motion to dismiss to dismiss for lack of subject matter jurisdiction, this Court must assume the truth of the factual allegations in the complaint but should not draw inferences favorable to the party asserting jurisdiction. See J.S. ex rel. N.S. v. Attica Cent. Sch., 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). Further, in considering a 12(b)(1) motion, courts "need not accept as true contested jurisdictional allegations. Rather, a court may resolve disputed jurisdictional facts by referring to evidence outside the pleadings, such as affidavits." See Alston v. Microsoft Corp., No. 08 Civ. 3547, 2009 WL 1116360, at *3 (S.D.N.Y. Apr. 27, 2009) (quotation and citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). The plaintiff has the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. See Aurecchione v. Schoolman Transp. Sys., Inc., 426 F.3d 635, 638 (2d Cir. 2005).

  A. Civil Rights Claims

Defendant moves to dismiss plaintiff's § 1983 and § 1985 claims for lack of subject matter jurisdiction. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." United States v. Mitchell, 463 U.S. 202, 212 (1983). "Jurisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity[.]" United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003). "Waivers of sovereign immunity must be unequivocally expressed; the government's

consent to be sued is strictly construed and cannot arise by implication." Diaz v. United States, 517 F.3d 608, 611 (2d Cir. 2008) (quotation and citation omitted). Neither § 1983 nor § 1985 unequivocally express the Government's waiver of sovereign immunity. See Torres v. Department of Homeland Sec., No. 09 Civ. 8640, 2010 WL 4608431, at *2 (S.D.N.Y. Nov. 2, 2010); Raghavendra v. National Labor Relations Bd., No. 08 Civ. 8120, 2009 WL 5908013, at *9 (S.D.N.Y. Aug. 27, 2009). Accordingly, I respectfully recommend that plaintiff's federal civil rights claims must be dismissed.

    B. Non-Cognizable FTCA Claims

The FTCA provides a waiver of sovereign immunity, subject to enumerated exceptions, for claims of property damage or personal injury caused by the negligent or wrongful act or omission of the federal government's employees acting within the scope of their employment. See 28 U.S.C. § 1346(b). However, to the extent plaintiff alleges that his constitutional rights were violated by Government employees acting in their official capacities, said claims fail because "Congress has not waived the government's sovereign immunity . . . from lawsuits based on constitutional claims." See King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). See also FDIC v, Meyer, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under § 1346(b) for constitutional tort claims."). Accordingly, I respectfully recommend that plaintiff's constitutional tort claims must be dismissed.

   Plaintiff also alleges common law tort claims for assault, breach of a deferred prosecution agreement, invasion of privacy and prima facie tort. The FTCA's limited waiver of sovereign immunity does not *generally* extend to claims "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,

3

slander, misrepresentation, deceit, or interference with contract rights." See 28 U.S.C. § 2680(h).  However, the FTCA also specifically provides a waiver of sovereign immunity for claims against federal law enforcement officers arising "out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." See id.  Therefore, because plaintiff's assault claim arises out of the alleged conduct of FBI agents, said claim is cognizable under the FTCA.  On the other hand, plaintiff's claim for breach of a deferred prosecution agreement is not cognizable.  "Agreements between the government and criminal defendants are interpreted according to principles of contract law."  United States v. Roberts, No. 97-CR-10, 1998 WL 278293, at *4 (N.D.N.Y. May 19, 1998).  As stated above, the FTCA does not provide a waiver of sovereign immunity for claims arising from interference with contract rights.  Accordingly, I respectfully recommend that plaintiff's claim for breach of a deferred prosecution agreement must be dismissed.

As to plaintiff's common law tort claims for prima facie tort and invasion of privacy, the FTCA provides a waiver of sovereign immunity for claims arising from

> the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, *under the circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred*.

See 28 U.S.C. § 1346(b) (emphasis added).  Thus, in order to maintain his FTCA claims for prima facie tort and invasion of privacy, plaintiff must establish that, under New York law, a private actor could be found liable for said claims.  New York courts recognize a common law action for prima facie tort.  See Freihofer v. Hearst Corp., 65 N.Y.2d 135, 142-43, 480 N.E.2d 349, 354-55, 490 N.Y.S.2d 735, 740-41 (1985).  Plaintiff's claim for

prima facie tort is, therefore, cognizable under the FTCA. The same cannot be said for plaintiff's invasion of privacy claim. New York courts do not recognize a common law right of privacy; New York statutes provide a limited right to privacy "only to the extent of affording a remedy for commercial exploitation of an individual's name, portrait or picture, without written consent." See id. at 140, 480 N.E.2d at 353, 490 N.Y.S.2d at 739; N.Y. Civ. Rights Law §§ 50, 51. See also McCullough v. United States, 110 Fed. App'x 158 (2d Cir. 2004); Burck v. Mars, Inc., 571 F. Supp.2d 446, 450 (S.D.N.Y. 2008) (no common law right to privacy in New York). Thus, as to plaintiff's claim for invasion of privacy, this Court lacks the requisite jurisdiction under the FTCA. Accordingly, I respectfully recommend that plaintiff's claim for invasion of privacy must be dismissed.

## II. RULE 12(b)(6) STANDARD OF REVIEW

*Pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). *Pro se* complaints and supporting papers must be read "liberally" and interpreted to "raise the strongest arguments that they suggest." See Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995) (quotation and citation omitted). A court should not dismiss a *pro se* complaint "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980).

In evaluating a motion to dismiss a complaint under FRCP 12(b)(6), this Court is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). In doing so, the Court "must accept as true all of the factual

allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." Gregory v. Daly, 243 F.3d 687, 691 (2d Cir. 2001).  For purposes of evaluating a 12(b)(6) motion, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (quotation and citation omitted). "Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." Id. at 153 (quotation and citation omitted).  The Court may also consider "documents that the plaintiff either possessed, or knew about and relied upon in bringing the suit."  See Grosz v. Museum of Modern Art, No. 09 Civ. 3706(CM)(THK), 2010 WL 88003, at *2 (S.D.N.Y. Jan. 6, 2010) (*citing* Rothman v. Gregor, 220 F.3d 81, 88–89 (2d Cir.2000)).  Ultimately, the Court must grant a 12(b)(6) motion to dismiss if the plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citation omitted). The court must analyze the complaint under a two-pronged approach: (1) determine which statements are well-pleaded factual allegations and assume their veracity, and (2) "then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.  Statements deemed "legal conclusions" rather than factual allegations are not entitled to the assumption of truth. Id. at 1950-51.

A. <u>Prima Facie Tort</u>

In order to establish a claim for prima facie tort, plaintiff must allege facts which demonstrate "(1) the intentional infliction of harm, (2) which results in special damages, (3) without any excuse or justification, (4) by an act or series of acts which would otherwise be lawful[.]"  See <u>Freihofer</u>, 65 N.Y.2d at 142-43, 480 N.E.2d at 355, 490 N.Y.S.2d at 741 (citations omitted).  "A critical element of the cause of action is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages[.]" <u>Id.</u> (citations omitted).  Here, plaintiff has failed to plead special damages with the requisite particularity.  The only reference to damages in the Amended Complaint appears in plaintiff's prayer for relief, wherein he "demands judgment against the Defendant and Codefendant in sum of $1,000,000,000, together with any other relief the court finds to be just and proper."  "New York courts are clear that allegations of damages in round figures without any further explanation do not satisfy the requirement that special damages be pled with particularity."  <u>Bradley v. National Railroad Passenger Corp.</u>, 797 F. Supp. 286, 295 (S.D.N.Y. 1992).  Accordingly, I respectfully recommend that plaintiff's prima facie tort claim must be dismissed.

B. <u>Assault</u>

Plaintiff's assault claim is based upon his allegation that two FBI agents "interrogated" and "threatened" him "not to challenge the government on its support of unconstitutional vigilante groups or else!"  See Amended Complaint, ¶ 7; plaintiff's Administrative Claim, p.3 ¶ 6 (attached to Defendant's Memorandum of Law in Support of the Motion to Dismiss as Exh. 2).  "To establish an assault claim under New York law, plaintiff must show that defendant placed the plaintiff in reasonable fear of imminent

7

harmful or offensive bodily contact." 5 Borough Pawn, LLC. v. Marti, 753 F. Supp.2d 186, 200-01 (S.D.N.Y. 2010). Here, plaintiff's conclusory allegations fail to demonstrate the apprehension necessary to an assault. Accordingly, I respectfully recommend that plaintiff's assault claim must be dismissed.

## III. CONCLUSION

For all of the foregoing reasons, I conclude, and respectfully recommend: (1) that the Court lacks subject matter jurisdiction over plaintiff's civil rights claims, his constitutional tort claims and his common law tort claims for breach of a deferred prosecution agreement and invasion of privacy; and (2) that plaintiff has failed to allege sufficient facts which demonstrate a plausible claim for either prima facie tort or assault. Accordingly, I respectfully recommend that defendant's motion to dismiss should be granted and plaintiff's complaint should be dismissed in its entirety.

## VII. NOTICE

Pursuant to 28 U.S.C. § 636(b)(1)(c), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation. If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections. See Fed. R. Civ. P. 6(d). Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Paul A. Crotty, United States District Court, Southern District of New York, 500 Pearl Street, New York, New York 10007, and to the chambers of the undersigned at 300 Quarropas Street, White Plains, New York 10601.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered. See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).

Requests for extensions of time to file objections must be made to the Honorable Paul A. Crotty and not to the undersigned.

Dated: June 28, 2011
White Plains, New York

Respectfully Submitted:

_____
GEORGE A. YANTHIS, U.S.M.J.