UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
PAUL CORTINA,                                       :
                                                    :
              Plaintiff,                    :
  -against-                                         :       10 Civ. 5237 (PAC)(GAY)
                                                    :
UNITED STATES and JOHN DOE(S),                      :       ORDER ADOPTING R&R
                                                    :
              Defendants.                   :
-------------------------------------------------------x

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: July 14, 2011
```

HONORABLE PAUL A. CROTTY, United States District Judge:

       Plaintiff Paul Cortina ("Plaintiff"), proceeding *pro se*, brings this action seeking $1,000,000,000 in damages as a result of the Government's alleged violations of his state and constitutional rights under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and 42 U.S.C. §§ 1983 and 1985. Plaintiff filed this action on July 9, 2010. On July 15, 2010, the matter was referred to Magistrate Judge Yanthis for all pretrial matters.

       Plaintiff alleges that "he is a victim of a vast conspiracy between the FBI and 'vigilante groups' engineered to violate plaintiff's civil rights and harass him via 'gang stalking' and prank telephone calls." (R&R 1.)  In addition, Plaintiff alleges that "the FBI turns a blind eye toward the 'vigilante groups' and, even worse, perpetuates and ensures their misconduct by silencing whistleblowers like plaintiff." (Id.) Defendants move to dismiss the case under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.

       On June 28, 2011, Magistrate Judge Yanthis filed his Report and Recommendation ("R&R") that the Court dismiss Plaintiff's case. Having reviewed the R&R and Plaintiff's objections, the Court adopts Magistrate Judge Yanthis's R&R in its entirety. Accordingly, Defendants' motion is GRANTED and Plaintiff's complaint is dismissed with prejudice.

**MAGISTRATE JUDGE YANTHIS'S R&R**

**I. Rule 12(b)(1)**

*A. Civil Rights Claims*

The United States may not be sued without its consent and, as a result, any suit against the Government requires a "clear statement from the United States waiving sovereign immunity[.]" (R&R 2 (citing United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003)).) Neither § 1983 nor § 1985 unequivocally express the Government's waiver of sovereign immunity and, accordingly, Magistrate Judge Yanthis recommends that the Court dismiss Plaintiff's federal civil rights claims. (Id. 3.)

*B. FTCA Claims*

"The FTCA provides a waiver of sovereign immunity, subject to enumerated exceptions, for claims of property damage or personal injury caused by the negligent or wrongful act or omission of the federal government's employees acting within the scope of their employment." (Id. (citing 28 U.S.C. § 1346(b)).) "Congress has not waived the government's sovereign immunity . . . from lawsuits based on constitutional claims." (Id. (quoting King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999)).) As a result, Magistrate Judge Yanthis recommends that the Court dismiss Plaintiff's constitutional tort claims.

Plaintiff alleges common law tort claims for assault, breach of a deferred prosecution agreement, invasion of privacy, and prima facie tort. "The FTCA's limited waiver of sovereign immunity does not generally extend to claims 'arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference of contract rights." (Id. (quoting 28 U.S.C. § 2680(h)) (emphasis omitted).) The FTCA, however, specifically provides a waiver of sovereign immunity for claims against federal law enforcement officers arising out of "assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution." (Id. 4 (quoting 28 U.S.C. § 2680(h)).) As a result, Magistrate Judge Yanthis found that Plaintiff's assault claim is

2

cognizable under the FTCA and that Plaintiff's claim for a breach of a deferred prosecution agreement is not cognizable. (Id.)  Accordingly, Magistrate Judge Yanthis recommends that the Court dismiss Plaintiff's claim for breach of a deferred prosecution agreement. (Id.)

"In order to maintain his FTCA claims for prima facie tort and invasion of privacy, plaintiff must establish that, under New York law, a private actor could be found liable for said claims." (Id.) See 28 U.S.C. § 1346(b). New York law recognizes a common law action for prima facie tort and, accordingly, Magistrate Judge Yanthis found that Plaintiff's claim for prima facie tort is cognizable under the FTCA. (Id. 4-5.) New York law does not recognize a common law right of privacy, however, and Magistrate Judge Yanthis found that the Court lacks jurisdiction to hear the claim and recommends that the Court dismiss it. (Id. 5.)

**II. Rule 12(b)(6)**

Magistrate Judge Yanthis considered Federal Rule of Civil Procedure 12(b)(6) with respect to the assault and prima facie tort claims, which he concluded were cognizable under the FTCA. He noted and correctly applied the standard for considering a *pro se* complaint and interpreted the complaint to raise the strongest arguments it suggests. (Id. (citing Soto v. Walker, 44 F.3d 169, 173 (2d Cir. 1995)).)

*A. Prima Facie Tort*

"A critical element of [a potential prima facie tort claim] is that plaintiff suffered specific and measurable loss, which requires an allegation of special damages." (R&R 7 (quoting Freihofer v. Hearst Corp., 65 N.Y.2d 135, 142-43 (1985)).) Magistrate Judge Yanthis found that Plaintiff failed to plead special damages with the requisite particularity because "[t]he only reference to damages in the Amended Complaint appears in plaintiff's prayer for relief, wherein he 'demands judgment against the Defendant and Codefendant in sum of $1,000,000,000, together with any other relief the court finds to be just and

3

proper.'" (Id.) As a result, Magistrate Judge Yanthis recommends that the Court dismiss Plaintiff's prima facie tort claim. (Id.)

*B. Assault*

"To establish an assault claim under New York law, plaintiff must show that defendant placed the plaintiff in reasonable fear of imminent harmful or offensive bodily contact." 5 Borough Pawn, LLC v. Marti, 753 F. Supp. 2d 186, 200-01 (S.D.N.Y. 2010). Magistrate Judge Yanthis found that Plaintiff's allegations are conclusory and "fail to demonstrate the apprehension necessary to an assault." (R&R 8.) Accordingly, Magistrate Judge Yanthis recommends that the Court dismiss Plaintiff's assault claim. (Id.)

**PLAINTIFF'S OBJECTIONS**

The Court has considered Plaintiff's objections, but none are of any avail. As a *pro se* litigant, Plaintiff argues that (1) his complaint should not be dismissed or (2) he should be afforded an opportunity to amend. (Obj. 1.) It is clear, however, that Plaintiff "can prove no set of facts in support of his claim which would entitle him to relief." Hughes v. Rowe, 449 U.S. 5, 10 (1980). Plaintiff also argues that Magistrate Judge Yanthis should have considered the issue of intentional infliction of emotional distress and should have construed Plaintiff's claims as RICO claims. (Obj. 2, 3.) Although it is true that Magistrate Judge Yanthis did not address these issues, it is also clear that Plaintiff fails to adequately state such claims.

Plaintiff submitted several documents along with his objections: (1) an affidavit written by Ted Gunderson, a former FBI agent, in relation to a completely unrelated case; (2) a report by the Department of Justice entitled "Stalking Victimization in the United States"; and (3) a medical bill purporting to suggest Plaintiff's special damages. (Id. 3.) None of these documents indicate that Plaintiff has stated a claim upon which relief may be granted. Specifically with respect to the medical bill, the submitted document does not suggest the treatment that Plaintiff actually received and the cause of the ailment that

required such treatment. In addition, Plaintiff has submitted no documentation of his purported "career loses [sic] of at least ten million dollars." (Id. 5.) As a result, Plaintiff has not adequately alleged special damages.

Accordingly, the Court adopts Magistrate Judge Yanthis's R&R in its entirety.

## CONCLUSION

The Court has considered Plaintiff's additional objections and finds them to be without merit. Having considered Magistrate Judge Yanthis's R&R and the accompanying objections, Defendants' motion to dismiss is GRANTED. Accordingly, the case is dismissed with prejudice. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York
       July 14, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

Copies Mailed To:

Paul Cortina
44 Wilner Road
Somers, NY 10589

Brandon Herbert Cowart
U.S. Attorney's Office, SDNY
86 Chambers Street
New York, NY 10007

5